# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| PRINCETON VALLO | CIVIL ACTION NO. 18-1341 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| STEVE PRATOR, ET AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Plaintiff Princeton Vallo ("Vallo"), proceeding pro se, has twice written to the Court to request a jury trial. Record Documents 89 and 94. For the following reasons, Vallo's requests to convert his bench trial to a jury trial are hereby **GRANTED**.

Vallo filed the instant civil rights suit in October of 2018. Record Document 1. He asserted various claims, including excessive force, stemming from his confinement at Caddo Correctional Center. When Vallo filed his pro se complaint, he did not make a demand for trial by jury. The Defendants filed an answer on March 19, 2019, and they did not demand a trial by jury. As such, the case was, by default, a bench trial. No jury demand was ever made in this case until April 26, 2021, over two years after litigation commenced. That request was prompted by a January 2021 scheduling conference the Court had with the parties in which a bench trial and related deadlines were set; the bench trial was scheduled to begin on October 25, 2021.[1] Three months after the January conference, Vallo wrote to the Court and "objected" to a bench trial. Vallo, proceeding

---

[1] In December of 2020, the Court appointed pro bono counsel to represent Vallo. Record Document 76. Pro bono counsel withdrew the following April. Record Document 87.

1

pro se, now insists that his case be tried to a jury, and he objects to the case being tried to the undersigned.  Despite Vallo's two requests for a jury trial, the defense has not issued any response.  As such, the Court deems the request to be unopposed.

Under Rule 38(b) of the Federal Rules of Civil Procedure, a party must demand a jury trial within fourteen days of the last pleading directed to any issue triable by jury. Failure to do so constitutes the party's waiver of trial by jury. Fed. R. Civ. P. 38(d). Even if a party waives its right to a jury under Rule 38, however, the court may in its discretion grant a jury trial under Rule 39(b).  Rule 39(b) provides that "[i]ssues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury trial might have been demanded." Fed. R. Civ. P. 39(b).

Here, Vallo waived his right to a jury trial by failing to file a jury demand within fourteen days of the last pertinent pleading.  See Hinton v. Moore, 801 F. App'x 329, 330 (5th Cir. 2020).  Nonetheless, the Court must consider whether to exercise its discretion under Rule 39(b) and convert this matter to a jury trial.  See id.

The Seventh Amendment's provision of jury trials is a fundamental right, and "maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care. . . . Thus, courts should indulge every reasonable presumption against waiver." McDonald v. J. Steward, 132 F.3d 225, 229 (5th Cir. 1998) (quotations omitted).  The Fifth Circuit has instructed that courts should generally grant a motion for a jury trial unless there exist "strong and compelling reasons

to the contrary." Daniel Int'l Corp. v. Fischbach & Moore, Inc., 916 F.2d 1061, 1064 (5th Cir. 1990) (citation omitted). In determining whether to grant the motion, the court should consider:

> (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the . . . tardiness in requesting a jury trial.

Hinton, 801 F. App'x at 330 (citing Daniel Int'l Corp., 916 F.2d at 1064).

In the instant case, Vallo's civil rights claim is typical of those ordinarily presented to and determined by a jury. As to the second factor, converting this case to a jury trial will result in a disruption of the Court's schedule, but that disruption is minimal. As explained below, the Court will upset the current trial setting, which then creates calendar availability for other cases rather than imposing any additional burdens on either the Court's or the Defendant's schedule. Regarding the third factor, the Court finds that prejudice to the defense, if any, is minimal. The parties will given ample time to convert their presentation strategies to a jury format. As to the timing element, Vallo made his first jury demand two and a half years after filing his original complaint and over two years after the Defendants filed their answer. However, the Court does not find a dilatory motive or bad faith to be involved. While Vallo has offered no explanation for his failure to demand a jury trial within the time period set forth in Rule 38, the Court notes that he filed this case pro se, from prison. He could not be expected to have been aware of the provisions of Rule 38 concerning the requirement affirmatively to demand a jury trial within a short time period.

After considering the Daniel factors, the Court finds it proper to exercise its discretion and to grant Vallo a jury trial. The more significant issue the Court has grappled with is that granting Vallo's motion necessitates a delay in bringing this case to trial. Because the scheduled trial date was only two months away, the Court could not grant Vallo a jury trial yet still maintain the trial date. Accordingly, Vallo's requests for a jury trial are **GRANTED,** and the current bench trial date of September 25, 2021 is **UPSET**.

Because the trial date is being continued, the Court will reopen the period for filing dispositive motions on the one remaining claim, as this claim was not addressed in prior dispositive motions. Motions should be filed by **September 10, 2021**. The Magistrate Judge is asked to issue a Report and Recommendation on this motion. Once the issue has been resolved, a conference will be held during which a jury trial date will be selected.

**THUS DONE AND SIGNED** this 16th day of August, 2021.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE